UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| ERIC W. BONWIT,<br><br>        Plaintiff,<br><br>        vs.<br><br>PFIZER PHARMACEUTICALS &<br>OMOLOLA OLAJIDE<br><br>        Defendants. | 3:10-cv-08136 JWS<br><br>ORDER AND OPINION<br><br>[Re: Motion at Docket 31] |

## I.  MOTION PRESENTED

At docket 31, defendant Pfizer Pharmaceuticals ("defendant" or "Pfizer") moves for summary judgment pursuant to Federal Rule of Civil Procedure 56.  *Pro se* plaintiff Eric W. Bonwit ("plaintiff" or "Mr. Bonwit") opposes the motion at docket 33.  Pfizer's reply is at docket 34.  Oral argument was not requested but would not assist the court.

## II.  BACKGROUND

Mr. Bonwit alleges that his physician, Dr. Omolola Olajide, gave him a sample packet of Viagra, an erectile dysfunction drug.  Mr. Bonwit maintains that he took Viagra late on February 7, 2008, and that he awoke at 4:40 a.m. the next morning, went upstairs, and passed out after feeling light headed.  The paramedics were called and Mr. Bonwit was taken to the hospital.  Mr. Bonwit maintains that he suffered multiple

fractures of his big toes, that he had to wear a walking boot for the next several weeks, and that, while wearing the boot, he got in a car accident. Mr. Bonwit states that he still experiences pain and stiffness in his big toes.

Mr. Bonwit filed a complaint in Arizona state court seeking damages from Pfizer and Dr. Olajide. The claims against Dr. Olajide were dismissed for failure to make timely service of process.

## III. STANDARD OF REVIEW

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] The materiality requirement ensures that "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[2] Ultimately, "summary judgment will not lie if the . . . evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3] In resolving a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party.[4] The reviewing court may not weigh evidence or assess the credibility of witnesses.[5] The burden of persuasion is on the moving party.[6]

## IV. DISCUSSION

Pfizer's primary argument is that Mr. Bonwit has failed to file a witness list and therefore will not be able to prove his claim. In the court's scheduling and planning order of May 25, 2011, the court stated as follows: "A final witness list, disclosing all lay and expert witnesses whom a party may wish to call at trial, shall be served and filed

---

[1] Fed. R. Civ. P. 56(a).

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[3] *Id.*

[4] *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000).

[5] *Dominguez-Curry v. Nevada Transp. Dept.*, 424 F.3d 1027, 1036 (9th Cir. 2005).

[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

not later than . . . January 5, 2012.  *Only those witnesses disclosed in a timely filed witness list will be permitted to testify at trial.*"[7]  Moreover, expert witnesses had to be disclosed by October 5, 2011.[8]  Pfizer filed a witness list on January 5, 2012.  Mr. Bonwit still has not filed a witness list and did not disclose any experts.

The Ninth Circuit has repeatedly stated that "[p]ro se litigants must follow the same rules of procedure that govern other litigants."[9]  Because Mr. Bonwit did not file a witness list, he will be unable to present any testimony to support his claims at trial.  Moreover, regardless of whether Mr. Bonwit is pursuing a negligence or strict liability claim,[10] Mr. Bonwit is unable to prove causation.[11]  Mr. Bonwit has not, and would be unable at trial to show a causal link between having taken Viagra and his injuries.  No reasonable jury, therefore, could return a verdict for Mr. Bonwit.

## V.  CONCLUSION

For the reasons above, defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 is **GRANTED**.  The clerk shall please enter judgment for defendant.

DATED this 12th day of June 2012.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[7] Doc. 14 at 4–5 (emphasis added).

[8] *Id.* at 4.

[9] *See, e.g.*, *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

[10] Mr. Bonwit's complaint does not explain the nature of the claim or claims he is pursuing.

[11] *See, e.g.*, *Hackworth v. Indus. Comm'n of Ariz.*, 275 P.3d 638, 642 (Ariz. Ct. App. 2012) ("When the cause of an injury is not apparent to a lay person, causation must be established by expert testimony.").